# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| SLANG MUSIC GROUP LLC, <br> AGENTS OF SLANG LLS and <br> VINCE LAWRENCE individually <br><br> Plaintiffs <br><br> V. <br><br> PETER ESSOKA p/k/a PETER JERICO <br> and LAVERICK KENNY PUGHSLEY <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, SMG Slang LLC, AOS Slang LLC and Vince Lawrence ("Plaintiffs"), by and through their attorney Sean Mulroney & Associates, complain against Defendants Peter Jerico and Laverick McKinney (each a "Defendant" and collectively, "Defendants") states as follows:

### I. NATURE OF THIS ACTION

1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, Title 17, United States Code §§ 101 et seq. (the "Copyright Act"), and pendant claims pursuant to the laws of the State of Illinois

### II. JURISDICTION AND VENUE

2. The Court has original subject-matter jurisdiction over the Copyright Act claims pursuant to 28 U.S.C. § 1331. To the extent this Complaint contains claims for relief under Illinois law, those claims are specifically authorized to be brought in this Court under the provisions of 28 U.S.C. §§ 1338(a) and 1338(b).

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

This Court has further personal jurisdiction over Defendants because they, and each of them, conduct business continuously and systematically in Illinois for the purpose of engaging in, inter alia, the manufacture and distribution of sound recordings and the licensing of musical compositions created and/or owned by Plaintiff, as well as related activities within the State of Illinois and this District.

4. Defendants are subject to personal jurisdiction because they placed their infringing products into the stream of commerce with the expectation that such products would be delivered to and viewed by consumers within the State of Illinois and within this District, and Defendants' infringing products were delivered to and viewed by consumers within the State of Illinois and within this District.

5. Venue is proper in this Judicial District because a substantial part of the events or omissions giving rise to the claims occurred here. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1400(a).

### III. INTRODUCTION

6. On or about September 2022, the Plaintiffs entered into an agreement with the Defendants whereby Defendant s would provide writing (lyrical) services for various musical tracks composed by the Plaintiffs. These compositions were intended to be presented to Plaintiffs' clients to be licensed for use on various projects in advertising campaigns, phonograms, and other soundtrack use.

7. While in the process of working on a recording project and music for various Plaintiffs' clients and campaigns in 2022 and 2023, Plaintiff Lawrence composed and produced a musical composition entitled "My Soul is Unbroken". See Exhibit A. Lawrence is the sole copyright owner of that track.

8. Plaintiff Lawrence sent Defendants the My Soul is Unbroken track in January 2023 in order for Defendants to write lyrics to the song pursuant in accordance with their role of providing writing services for songs for Plaintiffs. On January 4, 2023, Defendants sent Plaintiff Lawrence a "rough" recording of a song you re-titled "Magik" (later "Magic") featuring Defendants' lyrics and additionally a vocal performance over Plaintiff Lawrence's "My Soul is Unbroken" track. See Exhibit B.

9. As is customary for content created within Plaintiff SMG Slang LLC, Plaintiff Lawrence determined not to release the song, and instead had it put on "hold" until such time the proper opportunity presented itself.

10. After turning the song in to Lawrence, Defendants requested permission to release the song Magic for Defendants' own recording project. Lawrence denied Defendants' request because he had other plans for "My Soul is Unbroken" from its inception. Lawrence (via AOS) pitched the song to Nissan for consideration for a commercial and was in the process of developing other strategies to monetize it.

11. On April 28, 2023 in contravention of Lawrence's denial and blatent and intentional violation of Lawrence's rights, Plaintiffs released a re-produced version of "My Soul is Unbroken/Magic" for digital distribution and in audio-visual format as a video on YouTube, Facebook, Instagram and other platforms including:

https://www.youtube.com/channel/UCEU-E6V7c6RIwQQD8E2PK_g
https://www.facebook.com/NexdimCameroon/videos/643666257590971/
https://soundcloud.com/peterjericho
https://www.instagram.com/p/Crk52A9vlIQ/?hl=en

IV. **PARTIES**

12. **SMG SLANG** LLC ("Slang") is a limited liability company licensed in the State of Illinois and doing business as a SLANG MUSIC GROUP.

13. AOS SLANG LLC ("AOS") is a limited liability company licenses in the State of Illinois and doing business as AGENTS OF SLANG.

14. Vince Lawrence("Lawrence") is an individual who resides in the State of Illinois. Lawrence is a legendary, award-winning songwriter, producer, artist, and composer and owner of a content creation company specializing in musical and audio- visual content for advertising agencies.

15. Peter Jericho ("Jericho") is an is an individual who resides in the State of Illinois. Jericho is a singer and songwriter.

16. Laverick McKinney ("McKinney") is an individual who resides in the State of Illinois. McKinney represents himself as manager and agemt for Jericho.

COUNT 1

(DECLARATORY JUDGMENT OF INVALIDITY OF DEFENDANTS' REGISTRATIONS FOR THEIR INFRINGING WORKS -FRAUD ON COPYRIGHT OFFICE)

(Against All Defendants)

17  Plaintiff repeats and realleges the allegations in Paragraphs 1 through 16, as if fully set forth herein.

18. Plaintiff is now and at all relevant times has been the owner of the copyrights in the recording and composition set forth in Exhibit C.

19. Based on information and belief, Defendants knowingly submitted materially false information to the

Copyright Office by claiming ownership in Plaintiff's composition and sound recording.

Defendants made these materially false representations to the Copyright Office to induce the Copyright Office to issue federal copyright registrations to the Defendants for their infringing works. Consequently, the Defendants were issued copyright registrations for their infringing works that would not have been issued but for Defendants' material misrepresentations.

20. The Defendants never received a valid assignment, transfer, or license of any copyright interest in or to any of the Plaintiff's composition and/or sound recording for the Infringed Work. Defendants have no rights in or to Plaintiff's Infringed Work.

21. The Defendants' copyright registrations were procured by fraud and would not have been issued had the Copyright Office been aware of Defendants' intentional and fraudulent representations that they owned Plaintiff's Infringed Work or any rights to the same when they did not. As a result, the Defendants' copyright registrations must be invalidated since the information provided by Defendants as to ownership and "transfer" was and is false and material.

22. Inaccurate and false information was included in the Defendants' applications, with the knowledge that it was inaccurate and such inaccuracy would cause the Register of Copyrights to refuse registration the application. if known that the representations made by Defendants were false.

23. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., authorizes this Court to declare the rights and legal relations of parties to an active controversy under its jurisdiction.

24. There is an actual, present, and existing dispute between and among the Parties concerning the validity of the copyright registrations Defendants obtained for songs that made liberal and unauthorized use of Plaintiff's Infringed Work.

25. The Court's determination of the issues presented herein would be final and conclusive insofar as the declaratory judgment sought by Plaintiff would fully and finally resolve

the Parties' disputes with respect to the validity of the Defendants' Copyright Registrations.

26.     The copyright registrations Defendants obtained through fraud on the Copyright Office gave Defendants a false imprimatur of legitimacy that facilitated their exploitation of many works that infringed upon Plaintiff's copyright rights. Defendants' fraud on the Copyright Office caused direct and considerable damage to Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court find for the Plaintiff and enter an order and judgment as follows: issuing a Declaratory Judgment finding that ALL DEFENDANTS committed Fraud on the Copyright Office in their applications for their various Copyright Registrations for works that infringed upon Plaintiff's Infringed Work and that Defendants' copyright registrations obtained through fraud on the Copyright Office are invalidated.

## COUNT II

### (WILLFUL DIRECT COPYRIGHT INFRINGEMENT)

(Against All Defendants)

27.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 26, as if fully set forth herein.

28.     Plaintiff is the author and owner of the copyrights in and to the composition and sound recording for the Infringed Work shown in the copyright registration information attached in Exhibit C.

29.     As the owner of the copyrights in the Infringed Work, Plaintiff has the exclusive right under the Copyright Act to, among other things, produce, manufacture, transmit and/or distribute phonorecords embodying them. Only Plaintiff is able to transfer any rights in Plaintiff's Infringed Work to a third party.

30. Defendants conduct, either directly and/or through third parties, constitutes willful infringement of Plaintiff's Works.

31. At various times during the period prior to the commencement of this action, Defendants, individually and/or collectively, copied and reproduced significant portions of the Infringed Works without authorization and distributed, sold, and/or licensed both physical and digital copies of infringing works based on and incorporating Plaintiff's Infringed Work without the authorization or consent of the Plaintiff.

32. Defendants, individually and/or collectively, had no license or other form or permission, whether express or implied, to copy, reproduce, duplicate, perform, record, sell, use, transmit, distribute, or in any way use or exploit the Infringed Work.

33. By reproducing, manufacturing, distributing, transmitting, and selling copies of works based upon and incorporating significant portions of the Infringed Work without any license or other authorization, Defendants have infringed Plaintiff's rights in and to the composition and sound recording of the Infringed Work in violation of the Copyright Act.

34. The Defendants' infringing acts were done in knowing and reckless disregard of Plaintiff's rights in and to the Infringed Work, and such infringements were willful as that term is defined in the Copyright Act.

35. As a direct result of the Defendants' infringement of the Infringed Work, Plaintiff is entitled to his actual damages with respect to each infringing use of the Infringed Work, including the Defendants' profits from such infringing activity, as will be proven at trial. Alternatively, Plaintiff may elect to recover statutory damages and are entitled to the maximum statutory damages available for willful infringement under 17 U.S.C. § 504, in the amount of $150,000 with respect to each infringing work and to any and all other relief the Court

deems just and proper under the law.

36. Plaintiff, is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

37. Defendants' conduct caused, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury to his reputation and career that cannot be adequately compensated or measured in money.

38. Plaintiff has no adequate remedy at law.

39. Pursuant to 17 U.S.C. §502, Plaintiffs are entitled to a permanent injunction prohibiting further infringement of the Infringed Work.

WHEREFORE, Plaintiff respectfully prays that the Court find in his favor and enter an order and judgment as follows: (i) finding ALL DEFENDANTS liable for direct, willful infringement of Plaintiff's Infringed Work, including Defendants' profits, in such amounts as may be found; or (ii) in the alternative and at Plaintiff's election awarding statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law; (iii) awarding Plaintiff the costs of this action, including reasonable attorney's fees pursuant to 17 U.S.C. §505 relating to the infringements of Plaintiff's Infringed Work identified in Exhibit A; and (iv) entering such further relief that this Court deems just and appropriate, as well as Plaintiff's costs, including reasonable attorneys' fees as provided by statute, and interest on his damages at the legal rate.

## COUNT III

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

40. Plaintiffs repeat and reallege, the allegations in Paragraphs 1 through 39, as if fully set forth herein.

41. At various times during the three-year period prior to the commencement of this action, the Infringed Work has been and continues to be illegally reproduced, published, licensed and/or sold and distributed by Defendants without Plaintiff's authorization in violation of 17 U.S.C. § 101 et seq.

42. Plaintiff owns the copyrights for the composition and sound recording of the Infringed Work both of which have been infringed by the Defendants as hereinabove alleged.

43. The Defendants are secondarily liable under the Copyright Act for such infringing acts, including for the direct infringement of Plaintiffs' exclusive copyright rights by Defendants.

44. The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

47. As a direct and proximate result of such infringement of Plaintiffs' Works and Plaintiffs' exclusive rights under copyright, Plaintiffs, or either of them, are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each of the Infringed Works or such other amounts as may be proper.

48. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to actual damages with respect to each of the Infringed Works, including Defendants' profits from such infringements, in such amounts as will be proven at trial.

49. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully prays that the Court find in their favor and enter an order and judgment as follows: finding ALL DEFENDANTS liable for contributory infringement of Plaintiffs' Works and (i) awarding actual damages pursuant to 17 U.S.C.

§504(b), including any profits of Defendants, in such amounts as may be found; or (ii) in the alternative and at Plaintiffs' election relating to the infringements of Plaintiffs' Works, awarding statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law; (iii) relating to the infringements, awarding Plaintiffs the costs of this action, including reasonable attorney's fees, pursuant to 17 U.S.C. §505; and (iv) entering such further relief that this Court deems just and appropriate, as well as Plaintiffs' costs, including reasonable attorney's fees as provided by statute, and interest on its damages at the legal rate.

JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues which are so triable.

Respectfully submitted,

s/s: Sean Mulroney
Attorney for the Plaintiffs

Dated: September 26, 2024

ARDC #6196973
Sean M. Mulroney & Associates
516 N. Ogden Ave., Suite 191
Chicago, IL 60607
(312) 756-0011
sean@seanmulroney.com
*Attorneys for the Plaintiffs*