IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Slang Music Group LLC, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 25 C 506 |
| Peter Essoka, et al., | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

This copyright infringement case features two songs: "My Soul is Unbroken" and "Magic." Plaintiffs Slang Music Group LLC, Agents of Slang LLC, and Vince Lawrence allege that defendants Peter Essoka (a singer and songwriter) and Kenneth Pughsley[1] (Essoka's manager) submitted materially false information to the United States Copyright Office and infringed Lawrence's copyright in "My Soul is Unbroken." Before me is plaintiffs' motion for default judgment against Pughsley. For the following reasons, the motion is granted in part and denied in part.

[1] Pughsley is referred to as "Laverick McKinney" in the complaint and "Laverick Kenny Pughsley" on the docket but filed a pro se appearance as "Kenneth Pughsley."

I.

Accepting the allegations in the complaint as true, the facts are as follows. The parties agreed that defendants would write lyrics for musical tracks that plaintiffs had composed. Plaintiffs intended to present the finished tracks to plaintiffs' clients for use in various projects, including advertising campaigns and soundtracks.

Pursuant to this arrangement, Plaintiffs sent defendants "My Soul is Unbroken," a song allegedly composed by Lawrence.[2] In response, defendants sent Lawrence a song titled "Magik," which was later retitled to "Magic," featuring defendants' lyrics and vocals over the "My Soul is Unbroken" track. Lawrence decided not to release "Magic" and to put it on "hold." ECF 2 at 3. Defendants requested permission from plaintiffs to release "Magic" for defendants' own recording project. Lawrence denied the request. Defendants[3] then released "a re-produced version of 'My Soul is

---

[2] Plaintiffs allege that Lawrence composed and produced "My Soul is Unbroken" and that Lawrence is "the author and owner of the copyrights in and to the composition and sound recording for the Infringed Work." ECF 2 at 2,6. However, according to the only copyright registration record submitted by plaintiffs, the sole author of "My Soul Is Unbroken" (song title capitalization differing from complaint) is Kevin L. Kerr. Copyright Registration, ECF 7 at 1. Kerr contracted with Slang to create "My Soul Is Unbroken." Slang Music Group Work for Hire Agreement, ECF 7 at 1. Slang received "one hundred percent (100%) of any and all copyrights . . . of any composition or other work created under this agreement." *Id.* at 2.

[3] The complaint states that "in contravention of Lawrence's denial and blatant and intentional violation of Lawrence's rights, Plaintiffs released a re-produced version of 'My Soul is Unbroken/Magic' for digital distribution . . . ." ECF 2 at 3. I assume, based on the rest of the complaint, that plaintiffs meant to allege that defendants and not plaintiffs released the re-produced version.

Unbroken/Magic' for digital distribution" on various media platforms and registered "Magic" with the Copyright Office. *Id.* at 3–5.

Plaintiffs filed suit in January 2025, alleging fraud on the Copyright Office (Count I), direct copyright infringement (Count II), and contributory copyright infringement (Count III). Plaintiffs moved for default judgment against Pughsley on April 7, 2026, seeking $523,155.47 and attorney's fees. On April 14, 2026, Pughsley filed his pro se appearance. He has not responded to the complaint or to the motion for default judgment.

II.

"[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). First, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) ("Although Rule 55(a), Fed.R.Civ.P. refers to entry of default by the clerk, it is well-established that a default also may be entered by the court."). The moving party may then seek default judgment. Fed. R. Civ. P. 55(b); *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Entry of Pughsley's default is appropriate because Pughsley "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, entry of a default judgment against Pughsley is inappropriate at this time because it may lead to inconsistent judgments. "[C]ourts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of default judgment prior to adjudication of the merits of the case with regard to the nondefaulting parties may be improper." *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich*, No. 2:09-CV-157-PRC, 2010 WL 1541188, at *2 (N.D. Ind. Apr. 15, 2010) (citations omitted).

This principle was recognized in the 1872 Supreme Court case *Frow v. De La Vega*, 82 U.S. 552 (1872). In *Frow*, the plaintiff alleged that a group of defendants had defrauded him of title to real property. 82 U.S. at 554; *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256 (7th Cir. 1980). The trial court entered a decree against Frow after he failed to appear. *See Frow*, 82 U.S. at 554. The appearing defendants subsequently succeeded on the merits and cleared title to the land. *Id.*; *In re Uranium*, 617 F.2d at 1256. Frow appealed the decree against him to the Supreme Court. *Frow*, 82 U.S. at 554–55. The Supreme Court held that the existence of one decree "sustaining the charge of joint fraud" and "another decree disaffirming the said charge" was "unseemly and absurd," and reversed. *Id.* at 554.

The Seventh Circuit has limited the application of *Frow* to cases in which different results as to different parties would necessarily be logically inconsistent, such as cases involving joint liability or a single res in controversy. *Kovich*, 2010 WL 1541188, at *2 ("[The principle] is narrowly construed and applied only where the theory of recovery is of joint liability, or when 'the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent.'" (second alteration in original) (quoting *State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312-PPS, 2010 WL 679057, at *2 (N.D. Ind. Feb. 23, 2010)) (citing *Home Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir.1998))); *see In re Uranium*, 617 F.2d at 1257–58 ("To the extent that [*Frow*] holds that there cannot be inconsistent adjudications as to joint liability or as to a single res in controversy this ancient equity case remains good law. . . . However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking."); *Douglas v. Metro Rental Servs., Inc.*, 827 F.2d 252, 255–56 (7th Cir. 1987) (upholding a default judgment against a corporation accused of housing discrimination even after the corporation's agent prevailed at trial and noting that the two judgments were "not necessarily inconsistent").

Default judgment is inappropriate at this time because a default judgment against Pughsley could be inconsistent with a

decision in Essoka's favor at trial. *See Love v. Travelers Mgmt. Grp., LLC*, No. 1:25-CV-10220, 2026 WL 2086043, at *15 (N.D. Ill. July 20, 2026) ("But when a plaintiff moves for a default judgment early on – before claims against the other defendants have run their course – the question is . . . whether a default judgment against a defendant *could* be inconsistent with a (later) judgment on the merits in favor of the other defendants. If there is a potential for inconsistency on the horizon, then a district court must hold off."). Plaintiffs allege that defendants infringed Lawrence's copyright in "My Soul is Unbroken" by releasing "Magic." Essoka answered the complaint by stating that "[t]he title, idea, and composition of the song 'Magic,' was the sole work of the Defendant." ECF 16 at 1. If Essoka is correct that "Magic" is not an infringing work, then Pughsley could not possibly have infringed by releasing "Magic" or committed fraud by registering "Magic" with the Copyright Office.

III.

The motion is granted in part. Because Pughsley has not answered and is in default, an order of default is entered against him. However, a default judgment will not be entered at this time because of the risk of inconsistent judgments. After the claims against Essoka are resolved, plaintiffs may move for default judgment against Pughsley.

**ENTER ORDER:**

____________________________

**Elaine E. Bucklo**
United States District Judge
Dated: November 25, 2026